## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

Cami V. Owens,

    Plaintiff,

v.             Case No. 03-2371-JWL

Sprint/United Management Company,


    Defendant.


## MEMORANDUM & ORDER

Plaintiff filed suit against defendant alleging that defendant removed plaintiff from her position on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and/or on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Plaintiff's claims were tried to a jury over the course of five days in October 2004 and the jury ultimately returned a verdict for defendant on all claims. This matter is presently before the court on plaintiff's motion to strike defendant's bill of costs or, in the alternative, plaintiff's objections to defendant's bill of costs (doc. #153). As set forth in more detail below, the motion to strike is denied and plaintiff's objections are sustained in part and overruled in part.

On October 18, 2004, the clerk entered judgment in favor of defendant and awarded defendant its costs of action. On December 10, 2004, defendant filed its bill of costs requesting the clerk to tax as costs $4,184.11 against plaintiff pursuant to Federal Rule of Civil Procedure

54(d).   Plaintiff moves to strike defendant's bill of costs as untimely, contending that, pursuant to Local Rule 54.1, the deadline for the filing of a bill of costs expired thirty days after judgment was entered, or on November 18, 2004.   The motion is denied as plaintiff has misconstrued the language of Local Rule 54.1.

Local Rule 54.1 states, in relevant part, that the "party entitled to recover costs shall file a bill of costs on a form provided by the clerk within 30 days . . . after the expiration of time allowed for appeal of a final judgment or decree."   D. Kan. R. 54.1(a).   Plaintiff believes that because she did not file an appeal in this case, the 30-day clock began running on the date of the judgment, making defendant's bill of costs deadline November 18, 2004.   A plain reading of the rule, however, makes it clear that defendant's bill of costs is not due until 30 days after the time allowed for appeal has passed.   The time allowed for an appeal in this case was 30 days from the entry of judgment.   *See* Fed. R. App. P. 4(a)(1)(A).   Thus, plaintiff had until November 17, 2004 to appeal the judgment and defendant had until 30 days after that date, or December 17, 2004, to file its bill of costs.   As defendant filed its bill of costs on December 10, 2004, it is timely.   The motion to strike is denied.

As an alternative to her motion to strike, plaintiff has filed objections to defendant's bill of costs, contending that the vast majority of items that defendant seeks to have taxed as costs are outside the scope of section 1920.   Under federal law, 28 U.S.C. § 1920 allows the prevailing party to recover as costs:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies

of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The Tenth Circuit has instructed that the assessment of costs rests in the sound judicial discretion of the trial court. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002).  The court has no discretion to award items as costs that are not set out in section 1920. *See Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).

*Service Fees*

The first item that defendant seeks to have taxed as costs is a $35.00 fee for the service of a deposition subpoena on plaintiff's economic expert, John O. Ward.  Plaintiff objects to this  item as plaintiff agreed to produce Dr. Ward for his deposition and advised defendant in writing that there was no need to subpoena Dr. Ward for the deposition.   The court overrules this objection. Regardless of plaintiff's assurances, defendant had the right to subpoena Dr. Ward to secure his appearance at his deposition.  *See Imperial Arrow Assoc. Servs. of Rhode Island v. Peerless Ins. Co. of Keene, New Hampshire*, 2002 WL 32105766, at *3 (D.R.I. May 19, 2002) ("Regardless of a witness's affiliation with a party, there is no guarantee that a witness will voluntarily come forth and be present at trial simply because they are associated with a party requesting their attendance.").

3

*Witness Fees*

Defendant seeks to have witness-related fees in the total amount of $940.56 taxed as costs. Specifically, defendant seeks to recover $55.75 for trial attendance and mileage for each of three witnesses (Suzanne Driscoll, Mike Reilly, Josephine Blagovich); $733.31 for trial attendance, travel expenses, hotel expenses and meals for Tim McKinley; and $40.00 for trial attendance for Dr. Ward.   Plaintiff objects to the entire amount.   With respect to the witness fees for Ms. Driscoll, Mr. Reilly and Ms. Blagovich, plaintiff questions whether defendant actually paid these witnesses for their attendance and mileage as the witnesses are defendant's employees.   Plaintiff contends that defendant must "prove" that it paid such amounts to these witnesses.   In connection with the filing of the bill of costs, however, defendant's counsel has sworn under penalty of perjury that the itemized fees "were . . . incurred" in the action.   The court will not require any additional proof from defendant.    Moreover, to the extent plaintiff suggests that the fees are otherwise inappropriate in light of the witnesses' status as defendant's employees, that argument is rejected. *See Green Constr. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 679 (D. Kan. 1994) (the expenses of a director or officer of a corporate party who is not personally involved in the litigation may be taxable if he is testifying on behalf of the corporation he represents, and that corporation is a party to the lawsuit) (collecting cases).   Plaintiff's objection to these amounts is overruled.

The court turns, then, to the costs incurred with respect to Tim McKinley, one of defendant's witnesses.   Defendant seeks reimbursement for the following costs: $40.00 for trial attendance; $446.70 for roundtrip airfare from Atlanta, Georgia to Kansas City; $218.22 for hotel

expenses; and $28.39 for meal expenses.   Plaintiff objects to the $40.00 witness fee for trial attendance on the grounds that Mr. McKinley, who resides in Atlanta, is outside the subpoena power of the court.   While plaintiff's argument may have some bearing on the taxation of Mr. McKinley's travel expenses,[1] it has no bearing on Mr. McKinley's entitlement to a witness fee of $40.00 for attendance at trial.   *See* 28 U.S.C. § 1821(b).   Plaintiff's objection to the $40.00 witness fee for trial attendance is overruled.   Plaintiff also objects to the costs associated with Mr. McKinley's airfare, lodging and meals on the grounds that such expenses "fall outside 28 U.S.C. § 1920."   Plaintiff is incorrect.   *See Sheldon v. Vermonty*, 2004 WL 1730348, at *6 (10th Cir. Aug. 3, 2004) (witness entitled to travel and subsistence expenses, including airfare, pursuant to section 1920(3)).

Plaintiff also objects to the costs associated with bringing Mr. McKinley to Kansas City for trial on the grounds that his testimony was available to defendant via videotaped deposition and, thus, plaintiff should not bear the expense of defendant's decision to have Mr. McKinley testify live at trial.   The court rejects this argument and exercises its discretion to tax these items as costs.   Mr. KcKinley was the key decisionmaker in this discrimination case and, thus, his credibility was critical to defendant's success in the case.   In such circumstances, it was reasonable for defendant to bring him to trial to testify live for the jury instead of relying on his videotaped deposition.   In sum, plaintiff's objections to witness fees for Mr. McKinley are

---

[1]The taxation of witness travel expenses beyond the 100-mile limit imposed by Rule 45(e) is a matter within the district court's discretion. *See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1475 (10th Cir. 1997).

overruled.

Plaintiff objects to the $40.00 deposition attendance fee for Dr. Ward on the grounds that defendant "has produced no backup documentation that defendant actually paid Dr. Ward an attendance fee" and on the grounds that plaintiff advised defendant that it did not need to subpoena Dr. Ward for his deposition.   As stated above, defendant's counsel has sworn under penalty of perjury that the costs were incurred.   The court, then, does not question whether defendant actually paid Dr. Ward an attendance fee.   Plaintiff's argument that the fee was unnecessary because she advised defendant that it did not need to subpoena Dr. Ward for the deposition is rejected as the attendance fee is entirely distinct from the subpoena issue.   *See* 28 U.S.C. § 1821 (allowing $40 per day for appearance of witness at deposition); *Scherman v. Kansas City Aviation Center, Inc.*, 1994 WL 675323, at *4 (D. Kan. Nov. 17, 1994) (witness fees under section 1920(3) include fees for attendance at depositions).   This objection, then, is overruled.

*Fees for Copies of Papers Necessarily Obtained for Use in Case*

Defendant seeks reimbursement for $335.55 in copying costs.   This amount consists of $233.62 incurred in obtaining copies of plaintiff's medical records; $47.11 incurred in providing plaintiff a copy of defendant's automatic disclosure documents and documents responsive to plaintiff's request for production of documents; $23.40 incurred for a copy of additional documents produced to plaintiff; and $31.42 incurred for three sets of defendant's trial exhibits (court copy; witness copy; plaintiff's copy).   Plaintiff objects to each amount except for the $47.11 associated with defendant's automatic disclosures and documents responsive to plaintiffs'

6

request.

With respect to copies associated with plaintiff's medical records, plaintiff objects on the grounds that such copies were not "necessarily obtained" for the case because plaintiff made no claim for any diagnosable medical injury and defendant did not make use of the medical records during plaintiff's deposition or at trial.   The fact that plaintiff did not claim a medical injury is irrelevant to whether the records were "necessarily obtained."   Plaintiff did claim emotional distress as a result of defendant's conduct and it was entirely appropriate for defendant to obtain plaintiff's medical records to ascertain whether any health-related factors caused or contributed to the emotional distress that plaintiff allegedly suffered.   Moreover, although actual use of the materials obtained is the most direct evidence of necessity, materials may nonetheless be necessary even though not used at trial or in a deposition. *See Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998).   Here, the court readily concludes that such materials were necessary to defend against plaintiff's claim for emotional distress.   The objection is overruled.

Plaintiff objects to defendant's request for $23.40 in copying costs on the grounds that defendant has not provided any description as to the nature of the documents copied.   Rather, defendant simply notes that these costs were incurred for "additional documents produced to plaintiff."   The court sustains plaintiff's objection to this amount, but on different grounds than those asserted by plaintiff.   As the prevailing party, defendant bears the burden to establish that the costs sought fall within the provisions of section 1920. *See Pehr v. Rubbermaid, Inc.*, 196 F.R.D. 404, 408 (D. Kan. 2000).   As a general rule, prevailing parties are not entitled to recover costs incurred in responding to discovery because the producing party possesses the original documents

and, thus, such papers are not "obtained" for purposes of § 1920(4).  *See id.*  Defendant's description of these particular copies suggests that the documents were in defendant's possession and were not "obtained" for use in the case.  Defendant, then, has not met its burden of showing that the costs fall within the provisions of section 1920.

Plaintiff objects to defendant's request for reimbursement in the amount of $31.42 for three sets of defendant's trial exhibits on the grounds that the invoice defendant has attached to the bill of costs reflects a total charge of $68.31 plus tax for a total of $73.31.  According to plaintiff, then, she has "no idea" how defendant arrived at the $31.42 figure.  The court sustains the objection and concludes that defendant has not sufficiently itemized its copying costs in this regard.  "While the prevailing party is not expected to provide a detailed description of every piece of paper copied, it is expected to provide the 'best breakdown of the copied material obtainable from its records.'"  *Montgomery County v. Microvote Corp*., 2004 WL 1087196, at *7  (E.D. Pa. May 13, 2004) (citing cases).  Obviously, copies of trial exhibits were necessary for use in the case, *see Vardon Golf Co. v. Karsten Mfg. Corp*., 2003 WL 1720066, at * 10 (N.D. Ill. Mar. 31, 2003) (photocopying of multiple copies of party's own trial exhibits is clearly necessary to the litigation), but defendant has not provided any information (*i.e*., the number of pages in each exhibit set) from which the court could conclude that the $31.42 figure is the appropriate amount to assess plaintiff for the copies.

*Docket Fees*

Next, defendant seeks reimbursement pursuant to section 1920(5) for docket fees totaling

$47.50, including docket fees associated with admitting various depositions into evidence at trial.

Section 1920(5) permits the clerk to tax as costs "docket fees under section 1923 of this title."

Section 1923, in turn, provides in pertinent part that

> (a) Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:
>
> > $20 on trial or final hearing . . . in civil, criminal, or admiralty cases, except that in cases of admiralty and maritime jurisdiction where the libellant recovers less than $50 the proctor's docket fee shall be $10;
> >
> > $20 in admiralty appeals involving not over $1,000;
> >
> > $50 in admiralty appeals involving not over $5,000;
> >
> > $100 in admiralty appeals involving more than $5,000;
> >
> > $5 on discontinuance of a civil action;
> >
> > $5 on motion for judgment and other proceedings on recognizances;
> >
> > $2.50 for each deposition admitted in evidence.

28 U.S.C. § 1923(a).

Plaintiff objects to this amount, arguing that defendant "has no right to these fees" and that "fees under § 1923 are not at issue in this case." Plaintiff directs the court to no authority supporting her argument that section 1923 is inapplicable and nothing in section 1923 limits the type of action to which the statute applies. The fees identified by defendant are clearly taxable under section 1923 and plaintiff's objection is overruled. *See Perlman v. Feldmann*, 116 F. Supp. 102, 113 (D. Conn. 1953).

*Deposition Costs*

Defendant seeks reimbursement for several depositions in the total amount of $2,825.50. Plaintiff does not object to these costs and, thus, the court will direct the clerk to tax these items as costs.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to strike (doc. #153) is denied and plaintiff's objections to defendant's bill of costs are sustained in part and overruled in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant shall submit to the clerk within ten (10) days of the date of this order a revised bill of costs, reflecting the reductions made in this order (reductions of $23.40 and $31.42 for copying charges) for a total award of $4129.29 in costs.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

10